**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Rafael F. Gallego,<br><br>            Defendant. | No. CR-18-01537-001-TUC-RM (BPV)<br><br>**ORDER** |

On August 9, 2018, Defendant Rafael F. Gallego ("Defendant") filed a Motion for Temporary Restraining Order and Emergency Motion for Appointment of Special Master (Doc. 21). After holding a hearing on August 10, 2018, the Court took the Emergency Motion for Appointment of Special Master under advisement and temporarily enjoined the Government from inspecting and reviewing the items seized from the Gallego Law Firm pending the Court's resolution of Defendant's request for appointment of a Special Master. (Docs. 28, 36.) The Government filed a Response in opposition to the Motion for Appointment of Special Master on August 16, 2018 (Doc. 49), and Defendant filed a Reply on August 17, 2018 (Doc. 51). For the reasons that follow, Defendant's Motion for Appointment of Special Master will be granted.

## I.    Background

On August 8, 2018, the Government executed a search warrant at Defendant's law office and seized documents, computers and other items. Defendant avers that the Government seized active case files belonging to his clients and that the Government is

now in possession of a significant amount of information protected by the attorney-client privilege and attorney-work-product doctrine, including information unrelated to the investigation of the above-captioned case. (Doc. 21 at 3.)

## II. Discussion

"Law offices are not immune from search." *United States v. Mittelman*, 999 F.2d 440, 445 (9th Cir. 1993). However, searches of law offices should be executed with "special care," *id.*, because such searches implicate unique concerns regarding privileged materials and constitutional rights. Items found during a search of a law office may be protected by the attorney-client privilege or the work-product doctrine. "The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998). It "is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Id.* (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Similarly, the work-product doctrine "provid[es] a privileged area within which [an attorney] can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). In addition, "the Sixth Amendment guarantees criminal defendants the right to counsel and supports an expectation of privacy regarding a defendant's legitimate communications with the defendant's attorney." *United States v. Stewart*, No. 02 CR. 396 JGK, 2002 WL 1300059, at *5 (S.D.N.Y. June 11, 2002) (citing *DeMassa v. Nunez*, 770 F.2d 1505, 1507 (9th Cir. 1985) (per curiam)).

The attorney-client privilege "is key to the constitutional guarantees of the right to effective assistance of counsel and a fair trial." *United States v. Neill*, 952 F. Supp. 834, 839 (D.D.C. 1997). Nevertheless, the privilege itself is "based in policy, rather than in the Constitution, and therefore it alone cannot stand in the face of countervailing law or strong public policy." *Stewart*, 2002 WL 1300059, at *5 (internal quotation omitted). For example, the crime-fraud exception "assure[s] that the seal of secrecy between lawyer and client does not extend to communications made for the purpose of getting

advice for the commission of a fraud or crime." *United States v. Zolin*, 491 U.S. 554, 563 (1989) (internal quotations omitted).

The parties agree that the items seized from Defendant's law office must be reviewed for privilege and responsiveness to the search warrant, but they disagree as to who should conduct the review. Defendant asks the Court to order that the review be conducted by his law office or by a Special Master. (Doc. 21 at 2, 14-15.) The Government argues that the review should be conducted by a walled-off Government filter team in accordance with procedures developed by the United States Attorneys' Office for the Western District of Texas ("USAO-WDTX")[1] in consultation with the Department of Justice's Office of Enforcement Operations. (Doc. 49 at 3, 14.) According to the Government, the use of a filter team—also known as a taint team—is a common, accepted, and approved practice that is consistent with the guidance provided by the United States Attorneys' Manual ("USAM"). (*Id.* at 3-5, 14.)

The Government argues that Defendant's proposal to allow his law office to conduct the privilege review is unsupported and inappropriate, and that Defendant's request for appointment of a Special Master should be denied because such appointment would cause undue delay and expense. (*Id.* at 10-14.) Defendant argues that the Government's proposed use of a taint team would "run[] roughshod over the attorney-client privilege" and that the Government has not cited any cases approving or authorizing the use of a taint team in a situation involving case files seized from a criminal defense attorney. (Doc. 50 at 2-3.)

The Court rejects Defendant's proposal to allow his law office to review the seized materials for privilege and responsiveness, as Defendant has not identified adequate support for the proposal. Accordingly, the issue before the Court is whether the review should be conducted by a Government taint team or by a Special Master. Both of these review procedures are contemplated by the USAM, which provides non-binding guidance for searches of offices of attorneys who are suspects, subjects, or targets of criminal

---

[1] The USAO-WDTX is handling the prosecution of the above-entitled matter.

investigations.  USAM § 9-13.420(F).  In addition, both of these review procedures have been approved and authorized by courts.  *See generally, e.g.*, *In re Search of 5444 Westheimer Road Suite 1570*, No. H-06-238, 2006 WL 1881370 (S.D. Tex. July 6, 2006) (approving use of taint team); *United States v. Grant*, No. 04 CR 207BSJ, 2004 WL 1171258 (S.D.N.Y. May 25, 2004) (same); *Stewart*, 2002 WL 1300059 (appointing Special Master to conduct review); *United States v. Abbell*, 914 F. Supp. 519 (S.D. Fla. 1995) (same).

Although use of taint teams has been approved in limited factual scenarios, federal courts have generally "taken a skeptical view of the Government's use of 'taint teams' as an appropriate method for determining whether seized or subpoenaed records are protected by the attorney-client privilege." *United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d, 1027, 1037 (D. Nev. 2006).  "[T]aint teams present inevitable, and reasonably foreseeable, risks to privilege." *In re Grand Jury Subpoenas 04-124-03 & 04-124-05*, 454 F.3d 511, 523 (6th Cir. 2006).  The Government's taint team may "have a more restrictive view of privilege" than the defense.  *Id.*  In addition, the Government's conflicting interests in both preserving privilege and pursuing the investigation present inherent risks.  *See id.*  Taint teams "have been implicated in the past in leaks of confidential information to prosecutors."  *Id.*  And even if no leaks occur, the use of walled-off taint teams undermines the *appearance* of fairness and justice.  *See In re Search Warrant for Law Offices Executed on March 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994); *Stewart*, 2002 WL 1300059, at *8.  "It is a great leap of faith to expect that members of the general public would believe" that a wall separating members of the taint team from members of the prosecution "would be impenetrable."  *In re Search Warrant*, 153 F.R.D. at 59.

Furthermore, the Government has not identified any cases approving use of taint teams in situations like the one presented here, where materials—including active case files—have been seized from the law office of a criminal defense attorney.  "[A] search of the law offices of a criminal defense attorney raises Sixth Amendment concerns not

otherwise present in the search of the offices of a civil litigation attorney." *United States v. Kaplan*, No. 02 CR. 883(DAB), 2003 WL 22880914, at *11 (S.D.N.Y. Dec. 5, 2003) (citing *Stewart*, 2002 WL 1300059, at *5). In *Stewart*—the most closely analogous case relied upon by the parties—agents executing a search warrant seized documents, computer hard drives, and other items from the defendant's law office, which was part of a larger suite shared by four other solo practitioners. *Stewart*, 2002 WL 1300059, at *2-3. The court appointed a Special Master to review the seized materials for privilege and responsiveness, finding that the case presented exceptional circumstances because the seized materials were "likely to contain privileged materials relating not only to unrelated criminal defendants but also to the clients of attorneys other than the defendant." *Id.* at *7, *10.

In the present case, the seized materials do not relate to clients of attorneys other than Defendant, but they do likely contain privileged materials pertaining to unrelated clients of Defendant. Accordingly, this case raises Sixth Amendment concerns present in *Stewart* but not present in other cases relied upon by the Government. For example, in *Grant*, the court approved use of a taint team but expressly noted that "unlike the situation in *Stewart*, there are no Sixth Amendment concerns in this case" because the "seized documents were not in the files of a criminal defense lawyer and relate to civil, not criminal, litigation." *Grant*, 2004 WL 1171258, at *3. Although *Stewart* is non-binding and unpublished, it is a carefully reasoned and persuasive decision, and it supports Defendant's request for appointment of a Special Master under the circumstances presented here.

In light of the fact that the materials at issue were seized from a criminal defense attorney's office, and given the importance of protecting both the interests and appearance of fairness and justice, the Court finds that exceptional circumstances warrant the appointment of a Special Master to review the items seized from Defendant's law office for privilege and responsiveness to the search warrant. *See* Fed. R. Civ. P. 53(a). The Court has reviewed the parties' proposed candidates for appointment. However,

instead of hand-picking a candidate, the Court finds that the interests of fairness and justice would best be served by appointing the magistrate judge who was randomly assigned to this case, Judge Bernardo P. Velasco, as Special Master.

**IT IS ORDERED** that Defendant's Emergency Motion for Appointment of Special Master (Doc. 21) is **granted**, as follows:

1. Magistrate Judge Bernardo P. Velasco is appointed as a Special Master pursuant to Fed. R. Civ. P. 53 to review the materials seized from Defendant's law office during execution of the search warrant on August 8, 2018.

2. The Special Master will have authority to review all seized documents and computer-generated data to determine (a) whether the documents and data are responsive to the search warrant or fall within a valid exception to the warrant requirement, (b) whether the documents or data are protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege, and (c) determine whether any valid exception, such as the crime-fraud exception, defeats the applicable privilege.

3. The Government shall, without reviewing the substance of any documents or data, deliver the seized documents and data to the Special Master for his review. The Government shall deliver originals or copies, as directed by the Special Master.

4. The parties are directed to work with the Special Master in good faith to expedite the review process and ensure the integrity and accuracy of the proceedings. The Special Master is authorized to meet with the parties and to employ any review procedures that will ensure an accurate, impartial, and expeditious review. The Special Master may avail himself of any aid and expertise of the parties, or any other sources of aid and expertise that he may need, in order to perform the review appropriately.

. . . .

5. The Special Master is directed to return to Defendant any materials determined to be non-responsive and/or privileged.

6. The Special Master is directed to hand over to the Government any materials determined to be responsive and non-privileged.

Dated this 5th day of September, 2018.

Honorable Rosemary Márquez
United States District Judge